UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN MIDDLETON,

                Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NYPD OFFICER
BRATWAITE, and AN UNKNOWN NYPD
SERGEANT/SUPERVISORS OF THE 63RD
PRECINCT,

                Defendants.

------------------------------------------------------------X

**ORDER**
10-CV-2540 (CBA)(LB)

**BLOOM, United States Magistrate Judge:**

By letter dated August 18, 2010, defendants request a second extension of time to respond to the complaint[1] and move to compel plaintiff to execute a release pursuant to the New York Criminal Procedure Law § 160.50. See Docket Entry 11. Defendants state that they sent plaintiff requests to execute the records release on June 22, 2010 and July 13, 2010. On August 12, 2010 plaintiff allegedly informed defendants' counsel that he will never provide an executed release.

Plaintiff brings this civil rights action alleging false arrest, malicious prosecution, and excessive force. Plaintiff is hereby ordered to sign the release so that defendants can access the sealed records relating to the arrest and prosecution that are the subject of this litigation. See Cabble v. Rollieson, No. 04 Civ. 9413, 2006 U.S. Dist. LEXIS 7385, at *28 (S.D.N.Y. Feb. 27, 2006) ("[T]he City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint."). This is a Court Order and plaintiff must comply. If plaintiff refuses to sign the release, plaintiff's complaint shall be

---

[1] The Court previously granted defendants a two-month extension of time, until August 23, 2010, to respond to the complaint. See Docket Entry 7.

dismissed. Fed. R. Civ. P. 37(b)(2)(A). The Court grants defendants' motion to compel plaintiff to execute a N.Y. C.P.L. § 160.50 release and defendants' request for a second extension of time to respond to the complaint. Plaintiff shall provide defendants' counsel an executed N.Y. C.P.L. § 160.50 release by August 30, 2010. Defendants shall respond to the complaint by September 30, 2010.

Defendants moved to stay this civil action pending the resolution of plaintiff's underlying criminal case. See Docket Entry 9. The Court directed plaintiff to respond to defendants' request for a stay. See Docket Entry 10. Plaintiff has not filed a response to defendants' request for a stay. However, defendants state in their August 18th letter that plaintiff recently provided a certificate of disposition indicating that the underlying criminal prosecution was dismissed on speedy trial grounds. See Docket Entry 11. Accordingly, defendants' request to stay this action is denied as moot.

SO ORDERED.

/Signed by Judge Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: August 19, 2010
Brooklyn, New York